**LAQUER, URBAN, CLIFFORD & HODGE LLP**
J. Paul Moorhead, State Bar #240029
   Email: moorhead@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the
Operating Engineers Pension Trust, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST; and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,<br><br>     Plaintiffs,<br><br>     vs.<br><br>DOTY BROS. EQUIPMENT CO., a California corporation,<br><br>     Defendant. | Case No.  2:17-cv-04219<br><br>**COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT, TRUST AGREEMENTS, AND ERISA** |

Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust and Trustees of the Operating Engineers Training Trust complain and allege:

///

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Court jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947 ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)] and section 301(a) of the LMRA [29 U.S.C. § 185(a)] in that this is the district in which the plaintiffs' trust funds are administered, in which the relevant acts took place, and in which moneys are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust (collectively "Trustees"), are the trustees of four express trusts (collectively "Trusts") created pursuant to written declarations of trust ("Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various employer associations in the construction industry in Southern

California and Southern Nevada.  The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].

6. The Trustees, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].

7. Plaintiffs are informed and believe, and thereon allege, that at all times material herein defendant Doty Bros. Equipment Co. ("DBE") has been a corporation organized and existing by virtue of the laws of the State of California, with its principal place of business in Los Angeles County, California.

8. Plaintiffs are informed and believe, and thereon allege, that at all times material herein DBE has been a subsidiary of Meruelo Enterprises, Inc., a corporation organized and existing by virtue of the laws of the State of California, with its principal place of business in Los Angeles County, California.

9. Plaintiffs are informed and believe, and thereon allege, that DBE is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)] and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

10. Plaintiffs are informed and believe, and thereon allege, that DBE is an "employer" as defined in section 3(5) of ERISA [29 U.S.C. § 1002(5)].

## CLAIM FOR RELIEF
## BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT, TRUST AGREEMENTS AND ERISA

11. Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through 10 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

12. DBE was a member of the Associated General Contractors of California, Inc. (the "Association"), a multiemployer association, until in or around 2002.  As a

member of the Association, DBE authorized the Association to represent DBE in matters related to collective bargaining with Local 12. DBE thereby became bound by the terms and conditions of the written Master Labor Agreement (the "Master Agreement") in effect between Local 12 and the Association. The terms and provisions of each of the Trust Agreements are incorporated by reference into the Master Agreement.

13. Although in 2002 DBE withdrew as a member of the Association, DBE never gave written notice to Local 12 of its intent to terminate its obligations under the Master Agreement, and pursuant to the terms and conditions of the Master Agreement DBE has remained bound to the Master Agreement. During all times relevant to this action, DBE has been bound to the terms and conditions of the Master Agreement and the Trust Agreements.

14. DBE is an "employer" and a "contractor" as those terms are understood in the Master Agreement and the Trust Agreements.

15. By the terms and provisions of the Master Agreement and the Trust Agreements, and at all times material herein, DBE agreed, and was obligated, to the following:

    A. Prepare and submit true, complete and accurate written monthly contribution reports (hereinafter "Reports") to the Trusts on a timely basis showing the identity of its employees performing any work covered by the Master Agreement, the number of all hours worked by or paid to each of these employees, and the proper calculation of the fringe benefit contributions due for such employees. These Reports must be submitted to the Trusts at their administrative offices in Pasadena, California, on or before the 10th day of each successive month; and

    B. Pay to the Trusts fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to applicable employees. These amounts are due and payable to the Trusts at their

///

1  administrative offices in Pasadena, California, on or before the 10th day of each
2  successive month; and

3    C. Permit the Trustees and their agents to conduct audits of payroll and
4  related records in order to determine if fringe benefit contributions have been properly
5  paid to the Trusts pursuant to the Master Agreement and the Trust Agreements.

6    16. Section 515 of ERISA [29 U.S.C. § 1145] provides that "[e]very employer
7  who is obligated to make contributions to a multiemployer plan under the terms of the
8  plan or under the terms of a collectively bargained agreement shall, to the extent not
9  inconsistent with law, make such contributions in accordance with the terms and
10 conditions of such plan or such agreement."  Plaintiffs are informed and believe, and
11 thereon allege, that pursuant to section 515 of ERISA [29 U.S.C. § 1145], DBE was
12 obligated to make contributions to the Trusts.

13   17. Section 429 of ERISA [29 U.S.C. § 1059] provides that "[e]very employer
14 shall … maintain records with respect to each of his employees sufficient to determine
15 the benefits due or which may become due to such employees."  Plaintiffs are informed
16 and believe, and thereon allege, that pursuant to section 429 of ERISA [29 U.S.C.
17 § 1059], DBE was obligated to maintain records sufficient to allow the Trusts to
18 determine the contributions owed by DBE, and the benefits due to the employees of
19 DBE.

20   18. Plaintiffs are informed and believe, and thereon allege that during all times
21 relevant to this action, DBE has reported and paid certain fringe benefit contributions to
22 the Trusts.  In or around January 2017, the Trustees performed an audit of DBE's
23 payroll and related records in order to determine if DBE properly reported and paid
24 fringe benefit contributions to the Trusts during the time period from June 1, 2015,
25 through November 30, 2016.  Based on this audit the Trustees determined that DBE
26 failed to report and pay fringe benefit contributions to the Trusts based on all hours
27 worked by or paid to each employee of DBE who performed work covered by the
28

5

Master Agreement. DBE now owes the Trusts at least $211,314.79 for fringe benefit contributions.

19. Plaintiffs are informed and believe, and thereon allege, that DBE owes, but has failed to pay certain additional amounts of fringe benefit contributions not presently known to the Trusts, but these additional amounts will be established by proof.

20. Plaintiffs are informed and believe, and thereon allege, that DBE is "delinquent," as that term is used in the Master Agreement and/or the Trust Agreements.

21. Plaintiffs are informed and believe, and thereon allege, that DBE violated its statutory mandated obligation, as required by section 515 of ERISA [29 U.S.C. § 1145], to pay fringe benefit contributions to the Trusts.

22. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan: i) the unpaid contributions, ii) interest on the unpaid contributions, iii) an amount equal to the greater of - a) interest on the unpaid contributions or b) liquidated damages provided for under the plan in an amount not in excess of 20% of the amount determined by the Court to be unpaid contributions, iv) reasonable attorneys' fees and costs, and v) such other legal or equitable relief as the Court deems appropriate.

23. Plaintiffs are informed and believe, and thereon allege, that pursuant to the Master Agreement, Trust Agreements and section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], DBE owes the Trusts interest on all unpaid fringe benefit contributions from the dates the sums were originally due to the Trusts until paid. The amount of said interest will be established by proof.

24. Plaintiffs are informed and believe, and thereon allege, that pursuant to the Master Agreement, Trust Agreements and section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], DBE is obligated to pay to the Trusts liquidated damages for the detriment caused by the failure of DBE to timely pay fringe benefit contributions.

Pursuant to the Master Agreement, liquidated damages are to be assessed at ten percent (10%) of the untimely contributions. DBE owes the Trusts at least $21,131.48 for liquidated damages. The exact amount of liquidated damages owed by DBE to the Trusts will be established by proof.

25. Plaintiffs are informed and believe, and thereon allege, that pursuant to the Master Agreement, Trust Agreements and section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], DBE agreed that in the event of any delinquency it would pay all legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced. It has been necessary for the Trustees to engage legal counsel and incur audit costs for the purpose of collecting contributions and damages from DBE. The Trustees are entitled to their reasonable attorneys' fees and audit costs in connection therewith. The exact amount of the legal fees and audit costs shall be established by proof.

26. Plaintiffs are informed and believe, and thereon allege, that pursuant to the Trust Agreements, DBE agreed that in the event it failed to pay contributions or otherwise comply with the terms of the Master Agreement and Trust Agreements, to post and deliver a good faith deposit or performance bond issued in favor of the Trusts, in an amount based upon a calculation set forth in the Trust Agreements. The Trusts are entitled to such good faith deposit and delivery of monies or bond from DBE. The amount of the good faith deposit or bond will be established by proof.

27. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of their judgment, the Trustees shall also request the Court to:

    A. Order DBE and its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

///

   B. Order DBE and its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts, in an amount determined by the Court to be appropriate;

   C. Order the creation of a constructive trust on all applicable property, and order the transfer of the applicable property to the Trusts; and

   D. Order DBE and its representatives, agents and associates, to pay the Trusts all amounts due to the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

## **PRAYER**

WHEREFORE, the Trusts pray for judgment as follows:

1. For unpaid fringe benefit contributions and other damages for breach of the Master Agreement, Trust Agreement and ERISA in amounts as proved;
2. For liquidated damages in amounts as proved;
3. For interest at the applicable rate on all amounts due from their respective due dates until paid;
4. For Plaintiffs' audit costs in amounts as proved;
5. For Plaintiffs' reasonable attorneys' fees in amounts as proved;
6. For costs of suit incurred herein;
7. For such additional relief as this Court deems just and proper, including, but not limited to, the following:
   - A. An Order directing DBE, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

///

///

|   |   |   |
|---|---|---|
| 1 | B. | An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to the Trusts; and |
| 4 | C. | An Order directing DBE, its representatives, agents and associates, to pay the Trusts all amounts due to the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred. |

Dated: June 7, 2017        LAQUER, URBAN, CLIFFORD & HODGE LLP

By: */S/ - J. Paul Moorhead*
J. Paul Moorhead, Counsel for Plaintiffs Trustees of the Operating Engineers Pension Trust, et al.

**WAIVER OF JURY RIGHT**

Dated: June 7, 2017        LAQUER, URBAN, CLIFFORD & HODGE LLP

By: */S/ - J. Paul Moorhead*
J. Paul Moorhead, Counsel for Plaintiffs Trustees of the Operating Engineers Pension Trust, et al.